Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CONSEJO DE TITULARES CONDOMINIO BAHÍA MARINA I<br><br>*Apelado*<br><br><br>v.<br><br><br>KRYSTAL ALEXANDRA CAMPIS BERRÍOS<br><br>*Apelante* | TA2026AP00513 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV01019<br><br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a <u>30</u> de junio de 2026.

Comparece ante nos la señora Krystal Campis Berríos (señora Campis Berríos o apelante) mediante recurso de *Apelación* y solicita que revoquemos la *Sentencia Final*[1] emitida el 16 de abril de 2026[2] por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro apelado). En el referido dictamen, el TPI declaró *Ha Lugar* la *Demanda en Cobro de Dinero*[3] presentada por el Consejo de Titulares Condominio Bahía Marina I (Bahía Marina o apelada). En ésta, el TPI le ordenó a la apelante el pago de veintitrés mil novecientos noventa y seis dólares con sesenta y tres centavos ($23,996.63) y los intereses legales acumulados del ocho por ciento (8.00%) anual más costas y gastos de litigio.

Por los fundamentos que expondremos a continuación, ***revocamos*** la *Sentencia Final* apelada.

---

[1] Apéndice 64 del recurso de *Apelación*.
[2] Notificada el 17 de abril de 2026.
[3] Apéndice 1 del recurso de *Apelación*.

**I.**

El caso de autos tuvo su génesis el 7 de octubre de 2024, cuando Bahía Marina instó una *Demanda en Cobro de Dinero* en contra de la señora Campis Berríos por deuda de cuotas de mantenimiento y seguro comunal del apartamento de ésta. Tras varios incidentes procesales, el 21 de mayo de 2025, la apelante sometió su *Contestación a Demanda*[4] en la cual levantó ciertas defensas afirmativas.

Así las cosas, el 22 de septiembre de 2025, se celebró una vista inicial vía videoconferencia y se señaló el juicio en su fondo para el 1 de diciembre de 2025[5]. Sin embargo, el 13 de noviembre de 2025, el representante legal de la señora Campis Berríos, el licenciado Lemuel Omar Torres Rivera (Lcdo. Torres Rivera), presentó una *Moción Informativa Sobre Viaje*[6]. Allí solicitó la transferencia del juicio en su fondo, debido a que debía salir de la jurisdicción de Puerto Rico a atender asuntos profesionales entre el 30 de noviembre de 2025 hasta el 9 de diciembre de 2025[7] y sugirió algunas fechas.

Evaluada la solicitud, el 14 de noviembre de 2025, el TPI emitió y notificó una *Orden*[8] en la cual dictaminó lo siguiente:

> Se le impone una sanción de $250 al Lcdo. Lemuel Omar Torres Rivera. **NO SE PUEDE** calendarizar asuntos ajenos al caso cuando ya hay vistas señaladas y mucho menos si es un juicio en su fondo. La sanción tiene que ser pagada en o antes del **21 de noviembre de 2025**, de lo contrario se le anotará la rebeldía y se dictará sentencia el remedio solicitado.
> Se deja sin efecto el señalamiento del 1ro de diciembre de 2025 y se señala el juicio en su fondo para el **27 de enero de 2026 (fecha sugerida por las partes)**, a las 9:00am de forma presencial. (Énfasis provisto)[9].

---

[4] Entrada núm. 22 del expediente del Tribunal de Primera Instancia (TPI).
[5] Apéndice 36 del recurso de *Apelación*.
[6] Apéndice 39 del recurso de *Apelación*.
[7] La moción se acompañó de los siguientes anejos: Itinerario de Vuelo y Contrato de Servicios Profesionales. Véase, *Íd.*, Anejos *Itinerario de Vuelo* y *Contrato de Servicios Profesionales.*
[8] Apéndice 42 del recurso de *Apelación*.
[9] La notificación fue remitida a los licenciados Gabriel A. Ramos Vargas; Lemuel O. Torres Rivera; y Virgen V. Vargas López.

Inconforme con la sanción impuesta, el 24 de noviembre de 2025, el Lcdo. Torres Rivera sometió una *Moción en Reconsideración*[10] en la cual adujo que la solicitud estuvo debidamente fundamentada en un compromiso profesional internacional previamente acreditado, que no tuvo el propósito de dilatar los procedimientos ni perjudicar a las partes, y que la sanción se impuso sin apercibimiento previo. Además, sostuvo que la transferencia del juicio no afecta los derechos reclamados en el caso y solicitó que se dejara sin efecto la sanción, así como la advertencia de rebeldía hasta que se atendiera y resolviera la solicitud de reconsideración.

Analizado el petitorio, ese mismo día, el foro apelado emitió y notificó una *Orden*[11] en la cual declaró *No Ha Lugar* la reconsideración presentada por el Lcdo. Torres Rivera.

Transcurrido el término para satisfacer la sanción, el 1 de diciembre de 2025, Bahía Marina presentó la *Moción para que se Anote Rebeldía y Señale Vista*[12]. El 2 diciembre de 2025, el foro apelado emitió y notificó una *Orden*[13] en la cual le anotó la rebeldía a la señora Campis Berríos. Así pues, el 8 de abril de 2026, se celebró el juicio en su fondo. Ante ello, el 16 de abril de 2026[14], el TPI emitió una *Sentencia Final* en la cual declaró *Ha Lugar* la *Demanda en Cobro de Dinero*[15] presentada por la apelada. En la misma, el foro apelado le ordenó a la apelante el pago de veintitrés mil novecientos noventa y seis dólares con sesenta y tres centavos ($23,996.63) y los intereses legales acumulados del ocho por ciento (8.00%) anual más costas y gastos de litigio.

---

[10] Apéndice 44 del recurso de *Apelación*.
[11] Apéndice 45 del recurso de *Apelación*.
[12] Entrada núm. 48 del expediente del TPI.
[13] Apéndice 49 del recurso de *Apelación*.
[14] Notificada el 17 de abril de 2026.
[15] Apéndice 1 del recurso de *Apelación*.

Inconforme con el dictamen, el 18 de mayo de 2026, la señora Campis Berríos acudió ante este foro intermedio y le imputó al TPI la comisión del siguiente señalamiento de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE FAJARDO, AL EMITIR SENTENCIA LUEGO DE ANOTAR LA REBELDÍA EN CONTRA DE LA PARTE DEMANDADA POR INCUMPLIMIENTO DE PAGO DE SANCION AL ABOGADO POR SOLICITAR TRANSFERENCIA DE VISTA CONFORME LA REGLA 68 DE PROCEDIMIENTO CIVIL DE PUERTO RICO.

El 21 de mayo de 2026, emitimos y notificamos una *Resolución* en la cual le concedimos a la apelada hasta el 17 de junio de 2026 para que presentara su alegato. En cumplimiento con lo anterior, Bahía Marina sometió su *Alegato en Oposición a Apelación* en la cual adujo que, la apelante nunca impugnó oportunamente la sanción impuesta y tampoco solicitó dejar sin efecto la anotación rebeldía. Asimismo, sostuvo que el TPI actuó dentro de su discreción y que no hubo violación al debido proceso de ley. ya que la señora Campis Berríos fue notificada, tuvo oportunidad de ser escuchada y participó activamente en el juicio.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

La rebeldía es la posición procesal en que se coloca la parte que **no cumple con algún deber procesal o ha dejado de ejercitar su derecho a defenderse**[16]. La Regla 45 de las Reglas de Procedimiento Civil[17], regula lo relativo a la anotación de rebeldía cuando una parte no presenta alegación o no comparece al proceso a defenderse. Sobre este particular, la Regla 45.1[18] dispone como sigue:

---

[16] Rafael Hernández Colón, <u>Práctica Jurídica de Puerto Rico</u>, Derecho Procesal Civil, 5ta ed. San Juan, PR, Ed. Lexisnexis, 2010, pág. 287.
[17] 32 LPRA Ap. V, R. 45.
[18] 32 LPRA Ap. V, R. 45.1.

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

De lo anterior podemos colegir que la incomparecencia de una parte demandada conlleva a que se den por admitidas las alegaciones de la demanda y no implica la paralización de los procedimientos. Es decir, la referida norma procesal provee un remedio para las situaciones en las que el demandado no comparece a contestar la demanda o no se defienda de ninguna otra forma.

Ahora bien, les corresponde a los foros de instancia ejercer su discreción al momento de anotar la rebeldía. A esos fines, el Tribunal Supremo de Puerto Rico ha reseñado que: "aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto"[19].

Por ejemplo, la Regla 34.3(b)(3)[20] de Procedimiento Civil dispone que el tribunal podrá dictar "todas aquellas órdenes que sean justas" entre las que menciona la sentencia en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.

---

[19] *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 590 (2011).
[20] 32 LPRA Ap. V, R. 34.3(b)(3).

No obstante, la Regla 45.3 de las de Procedimiento Civil[21] establece que los tribunales pueden dejar sin efecto una anotación de rebeldía, siempre y cuando la parte a la cual se le anotó presente justa causa. A pesar de que esta regla debe interpretarse de forma liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación de rebeldía, la parte deberá presentar evidencia de aquellas circunstancias que —a juicio del tribunal— demuestran una causa justificada para la dilación[22]. En específico, que: (1) cuenta con una buena defensa en sus méritos; (2) el grado de perjuicio que puede ocasionarse a las demás partes con relación al proceso es razonablemente mínimo, y (3) las circunstancias del caso no revelen un ánimo contumaz o temerario de su parte[23].

Por otro lado, mediante la Regla 49.2 de las de Procedimiento Civil[24], una parte puede liberarse de los efectos de una sentencia si logra demostrar la existencia de, al menos, una de las seis causales estipuladas en la referida norma procesal. La invocación de alguna de las causales puede requerir la presentación de prueba para sustanciarla y, por ende, la celebración de una vista evidenciaria a esos efectos. Para esa vista, las partes tienen derecho a utilizar las reglas sobre el descubrimiento de prueba con el objetivo de que se preparen adecuadamente[25].

La Regla 49.2 de las de Procedimiento Civil, *supra,* dispone como sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a)  error, inadvertencia, sorpresa o negligencia excusable;
> (b)  descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido

---

[21] 32 LPRA Ap. V, R. 45.3.
[22] *Rivera Figueroa v. Joe´s European Shop, supra*, págs. 592-593.
[23] *Íd.*
[24] 32 LPRA Ap. V, R. 49.2.
[25] *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007).

descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[…] La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Esta regla permite a los tribunales dejar sin efecto una sentencia, orden o procedimiento por causa justificada[26]. Dicha solicitud tiene que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia, salvo cuando exista fraude o nulidad, para lo que no hay término[27]. Este remedio permite hacer un balance entre dos intereses en conflicto: de una parte, que toda litigación sea concluida y tenga finalidad; y de otra, que en todo caso se haga justicia[28].

Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de las de Procedimiento Civil, *supra,* es una decisión discrecional del tribunal relevar a una parte de los efectos de una sentencia, salvo que se trate de nulidad

---

[26] *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977).

[27] *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979).

[28] *Náter v. Ramos,* 162 DPR 616, 624 (2004); *Piazza v. Isla del Río, Inc., supra,* pág. 448.

o una sentencia que ya ha sido satisfecha. Por tanto, no basta con establecer uno de los fundamentos que ofrece la Regla 49.2 de Procedimiento Civil, *supra*, hay que persuadir al tribunal que bajo las circunstancias del caso debe ejercitar su discreción a favor del relevo[29].

Por otra parte, nuestro más Alto Foro ha expresado que, aunque una moción de relevo de sentencia debe interpretarse liberalmente a favor del relevo, no puede utilizarse en sustitución de los recursos de apelación o reconsideración[30]. Específicamente, ha aclarado que la Regla 49.2 de Procedimiento Civil, *supra*, no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado una sentencia correctamente dictada[31].

**-B-**

La Regla 39.2 de las de Procedimiento Civil[32], establece la facultad discrecional de los tribunales para imponer sanciones económicas a las partes o a sus representantes legales, así como para desestimar una demanda o eliminar las alegaciones, cuando no se ha cumplido con las referidas Reglas o con cualquier orden emitida por el tribunal[33]. Así pues, si un tribunal estima que las actuaciones de una parte, o su representante legal, están entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar este tipo de conducta o actitud[34].

Ello responde al hecho de que, "[c]omo regla general, los tribunales están obligados a desalentar la práctica de falta de

---

[29] *Náter v. Ramos, supra*, pág. 624.
[30] *Pagán Navedo v. Rivera Sierra*, 143 DPR 314, 327-328 (1997); *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989).
[31] *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).
[32] 32 LPRA Ap. V, R. 39.2.
[33] *Véase*, también, la Regla 37.7 de las de Procedimiento Civil, 32 LPRA Ap. V, la cual provee para que las sanciones económicas que pueden ser impuestas a su amparo están basadas en el incumplimiento de una parte litigante **o su abogado** con cualquier orden del tribunal para el manejo del caso, sin que medie justa causa.
[34] *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 930 (1996).

diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención"[35].

De igual forma, la Regla 44.2 de las de Procedimiento Civil[36], dispone en su parte pertinente que:

> El tribunal podrá imponer costas interlocutorias a las partes y **sanciones económicas, en todo caso** y **en cualquier etapa**, a una parte **o a su representante legal** por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. (Énfasis nuestro).

$$[\ldots][37].$$

### III.

En su único señalamiento de error, la señora Campis Berríos adujo que el TPI incidió al emitir sentencia luego de anotarle la rebeldía por incumplimiento del pago de la sanción impuesta a su representante legal al solicitar transferencia de vista.

Por su parte, Bahía Marina arguyó que la apelante no impugnó oportunamente la sanción ni la rebeldía, por lo que el TPI actuó correctamente al imponerlas por incumplimiento de una orden judicial. Veamos.

Surge de los autos que, el 22 de septiembre de 2025, se celebró la conferencia inicial[38] en la cual se calendarizó los procedimientos judiciales y se señaló vista en su fondo para el 1 de diciembre de 2025. El 13 de noviembre de 2025, la representación legal de la apelante presentó *Moción Informativa Sobre Viaje*[39] en la cual solicitó la suspensión y transferencia de la vista en su fondo. Un día después, el TPI notificó a los representantes legales de las partes la *Orden* y le impuso al representante legal de la apelante la sanción económica de $250 por solicitar la transferencia de vista y acotó que: *La sanción tiene que ser pagada en o antes del 21 de*

---

[35] *Mejías et als. v. Carrasquillo et als.*, 185 DPR 288, 298 (2012).
[36] 32 LPRA Ap. V, R. 44.2.
[37] *Pérez Torres v. Acad. Perpetuo Socorro,* 182 DPR 1016, 1017 (2011).
[38] Entrada núm. 36 del expediente del TPI.
[39] Entrada núm. 39 del expediente del TPI.

*noviembre de 2025, de lo contrario se le anotará la rebeldía y se dictará sentencia el remedio solicitado. Se deja sin efecto el señalamiento del 1ro de diciembre de 2025 y se señala el juicio en su fondo para el 27 de enero de 2026 (fecha sugerida por las partes), a las 9:00am de forma presencial[40].*

El 24 de noviembre de 2025, pasado cuatro días del término señalado por el TPI para pagar la sanción de $250, el representante legal de la apelante presentó *Moción en Reconsideración*[41], en la cual reiteró que la solicitud de transferencia se debía a compromisos previos internacionales, así que, solicitó que el TPI reconsiderara la sanción impuesta y mantuviera en suspenso la anotación de rebeldía previamente dispuesta, hasta tanto se resolviese ese petitorio. Ese mismo día, el TPI declaró *No Ha Lugar*[42] la *Moción en Reconsideración,* la cual fue debidamente notificada a los representantes legales. El 1 diciembre de 2025, el apelado presentó *Moción para que se Anote Rebeldía y Señale Vista*[43]. Así las cosas, el 2 de diciembre de 2025, el TPI anotó la rebeldía a la apelante[44].

Apuntalamos que la apelante solo alegó un error, sin embargo, al leerlo con detenimiento, el mismo contiene dos enunciados, a saber: primero, sostiene en su recurso que el TPI abusó de su discreción al imponer la sanción de $250.00 sin antes haber apercibido a las partes; y, segundo, la sanción fue el precursor a la anotación de rebeldía, y permitió que el caso continuara hasta culminar con una *Sentencia Final* en su contra. Por lo cual, nos solicita que revoquemos la sentencia y se desestime la causa de acción.

Comencemos con la sanción económica impuesta por el TPI al representante legal de la apelante. Ciertamente, el 24 de noviembre

---

[40] Entrada núm. 40 del expediente del TPI.
[41] Entrada núm. 44 del expediente del TPI.
[42] Entrada núm. 45 del expediente del TPI.
[43] Entrada núm. 48 del expediente del TPI.
[44] Estando su representación legal fuera de Puerto Rico.

de 2025, el TPI emitió una *Orden* en la cual decretó un *No Ha Lugar* a la *Moción en Reconsideración* presentada por la apelante. Conforme al ordenamiento jurídico, la apelante tenía un término jurisdiccional de treinta (30) días para presentar el recurso de *certiorari*. Es decir, tenía disponible hasta el 24 de diciembre de 2025. No obstante, el 18 de mayo de 2026, cuando presentó la apelación, es que nos solicitó un remedio sobre la determinación del 24 de noviembre de 2025. Ante ello, determinamos que la apelante presentó su reclamo fuera del término provisto por el Reglamento de este Tribunal[45], por lo cual, carecemos de jurisdicción para entrar en sus méritos. Cónsono con lo anterior, se mantiene la sanción de $250.00 a ser satisfecho por el licenciado Torres Rivera.

Referente a la anotación de rebeldía, surge del expediente que el 2 de diciembre de 2025, el TPI emitió y notificó a las representaciones legales y <u>por primera vez a la apelante</u>, la siguiente *Orden*[46]:

> *El 14 de noviembre de 2025 le impusimos sanción al Lcdo. Lemuel Torres Rivera por razón de calendarizar asuntos ajenos a los procesos cuando ya el Tribunal tenía vistas señaladas, afectando de esta manera el calendario del Tribunal y la rápida y justa adjudicación de la justicia. Le concedimos además hasta el 21 de noviembre de 2025 para pagar la sanción y le advertimos que, de así no proceder, se le anotaría la rebeldía.*
> *Al día de hoy, 2 de diciembre de 2025, la sanción impuesta no ha sido satisfecha. Por tal razón se le anota la rebeldía a la parte demandada.*
> *El Tribunal mantiene el señalamiento del Juicio en su fondo el 27 de enero de 2026 a las 9:00am de forma presencial.*

Como adelantamos en la exposición del derecho, si bien los tribunales poseen amplia facultad para imponer sanciones y velar por el cumplimiento de sus órdenes, dicho poder no es irrestricto. El Tribunal Supremo expuso que la Regla 34. (b) (3) de las de Procedimiento Civil[47], exige que previo a que se imponga una

---

[45] Regla 32 del Reglamento *del Tribunal de Apelaciones*, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 49-51, 216 DPR ___.
[46] Entrada núm. 49 del expediente del TPI.
[47] 32 LPRA Ap. V, R. 34.3.

sanción severa al amparo de dicha regla, éste debe en primera instancia, imponer sanciones económicas al abogado de la parte por su incumplimiento con las órdenes del Tribunal. Posteriormente, si ello no produce frutos positivos, se debe notificar directamente a la parte de la negligencia de su representación legal y la consecuencia que ello conlleva si no se corrige[48]. En el caso de autos, el TPI no apercibió directamente a la apelante antes de imponerle la anotación de rebeldía. El 2 de diciembre de 2025, es cuando el TPI le notifica sobre la sanción económica de $250.00, la cual no había sido satisfecha, y como consecuencia le impuso la anotación de rebeldía. Esta *Orden* no es suficiente para cumplir con las exigencias de nuestro ordenamiento jurídico en los casos en que se imponen sanciones severas como lo es la anotación de rebeldía.

En vista de ello, es injusto que la apelante fuese penalizada ante la falta de notificación adecuada del TPI, lo cual provocó que no tuviese la oportunidad de corregir la omisión y así poder evitar que su debido proceso de ley se trastoque. Así pues, consideramos que erró el TPI al imponer a la apelante la anotación de rebeldía.

A tales efectos, es forzoso concluir que se le compelió el debido proceso de ley a la apelante y, por ende, procede declarar nula la *Sentencia Final* dictada el 16 de abril de 2026, al amparo de la Regla 49.2(d) de las de Procedimiento Civil, *supra*.

Por último, advertimos que, con nuestra decisión, no prejuzgamos los méritos de la controversia y mucho menos, llegamos a una conclusión en cuanto a los méritos de las contenciones de las partes litigantes. Así pues, devolvemos el caso al foro apelado para la continuación de los procedimientos de forma compatible con lo aquí resuelto y para garantizar a las partes la oportunidad de litigar sus reclamaciones y defensas en los méritos.

---

[48] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689, 707-708 (2020) y en el caso *Maldonado v. Srio. De Rec. Naturales*, 113 DPR 494, 498 (1982).

**IV.**

Por los fundamentos antes expuestos, ***revocamos*** la *Sentencia Final* apelada, dejamos sin efecto la rebeldía anotada a la señora Campis Berríos, ordenamos el pago de la sanción de $250.00 impuesta a la representación legal de la parte apelante y devolvemos el caso al TPI para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones